**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4129

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRY LYNN KYLE, a/k/a Blackeye,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, Chief District Judge.  (CR-03-88)

Submitted:  December 7, 2005          Decided:  January 9, 2006

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jacqueline A. Hallinan, HALLINAN LAW OFFICES, P.L.L.C., Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Terry Lynn Kyle appeals his sentence to seventy-one months in prison, a $1500 fine, and three years of supervised release following his guilty plea to distribution of 6.49 grams of cocaine powder in violation of 21 U.S.C. § 841(a)(1) (2000). On appeal, Kyle contends his sentence violates United States v. Booker, 543 U.S. 220 (2005). We affirm.

Kyle's sentence was imposed before the decisions of Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004), and he did not raise objections to his sentence in the district court based on the mandatory nature of the sentencing guidelines or the district court's application of sentencing enhancements based on facts not admitted by him or found by the jury beyond a reasonable doubt. Therefore, we review his sentence for plain error. See United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005).

At sentencing, Kyle objected to the probation officer's determination that he should be held accountable for distribution of at least 3.5 kilograms of cocaine powder under U.S. Sentencing Guidelines Manual § 2D1.1 (2003), resulting in a base offense level of thirty. He further objected to an enhancement for firearm possession and the denial of a reduction for acceptance of responsibility. However, Kyle acknowledged his involvement in the distribution of up to two kilograms of cocaine powder and acceded

- 2 -

to a base offense level of twenty-six. The district court sustained Kyle's objections. Accordingly, the court found his offense level was twenty-three. With his criminal history category of III, Kyle's guideline range was fifty-seven to seventy-one months.

Because Kyle admitted the facts underlying his sentence, we conclude there was no Sixth Amendment error. See Booker, 543 U.S. at ___, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). Although the district court erred by treating the guidelines as mandatory, Kyle has not shown his substantial rights were affected by the error. Kyle received a sentence at the high end of his guideline range, and the record provides no nonspeculative basis for concluding he would have received a lesser sentence if the guidelines were advisory. See United States v. White, 405 F.3d 208, 223-24 (4th Cir. 2005), cert. denied, 2005 WL 3027841 (U.S. Nov. 14, 2005) (No. 05-6981).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -